IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT B. CIARPAGLINI,

                    Plaintiff,

     v.

DONALD DUCK STRAHOTA, DANIEL
BRAEMER, C. BOVEE, C.O. KEYS,
MIKE THURMER, BETH LIND
and JOE HALL,

                    Defendants.

ORDER

07-C-604-C

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On October 23, 2007, plaintiff Robert Ciarpaglini filed this civil action in which he alleges that on September 18, 2007, he was given an apple at meal time that contained a wire "approximately 3 to 4 inch[s]" long. When plaintiff bit into the apple, the wire "caused a cut inside the plaintiff's mouth." Defendants Bovee and Keys delivered the meal. When plaintiff showed Bovee the wire, Bovee responded, "Damn, Ciarpaglini, we met [sic] for you to swallow that and choke." At Ciarpaglini's request, Bovee divulged that the "we" referred to in his statement was defendants Keys, Braemer and Strahota, and defendant Braemer told plaintiff that "the warden, Ms. Lind and Joe Hall instructed" them to plant the

1

wire because of Ciarpaglini's "constant bitching." He alleged also that before Braemer left the area, he warned plaintiff, "If I were you I'd watch my food carefully." On October 25, 2007, the Hon. John C. Shabaz granted plaintiff leave to proceed in forma pauperis, despite Ciarpaglini's having struck out under 28 U.S.C. § 1915(g). Without discussion, Judge Shabaz ruled that Ciarpaglini's allegation that he was "in imminent danger of serious physical injury" was enough for him to qualify for the exception to § 1915(g). On November 5, 2007, in response to plaintiff's motion for recusal, Judge Shabaz recused himself in the case and the matter was reassigned to this court.

Since that time, the parties have filed the following motions: 1) plaintiff's motion for appointment of counsel and supporting affidavit postmarked November 16, 2007; plaintiff's motion for leave to file a supplemental complaint dated November 12, 2007, and proposed supplemental complaint dated November 10, 2007; defendants' "motion to stay proceedings pending resolution of issues regarding competency of plaintiff to proceed" dated November 19, 2007; and "defendants' motion for protective order incorporating supporting authority" dated December 18, 2007. Because I conclude that plaintiff's request for leave to proceed in forma pauperis in this action was improvidently granted, I am rescinding the grant of leave to proceed and dismissing this case unless, on or before January 16, 2008, plaintiff pays the $350 filing fee. For that reason, I stay a decision on the remaining pending motions.

2

A word about defendants' motion to stay is in order. Defendants ask the court to stay these proceedings because, on October 22, 2007, Circuit Court Judge Michael Byron issued an order in a criminal action filed in the Circuit Court for Rock County, Wisconsin, finding plaintiff to be mentally ill and in need of involuntary administration of psychotropic medications. Judge Byron has directed that plaintiff be committed to the Department of Health and Family Services for an indeterminate term not to exceed 12 months and transferred to either the Mendota or Winnebago institutions, "whichever institution has the first opening." Defendants point out that if plaintiff is allowed to continue to proceed pro se in this action, any decisions the court makes may be subject to legal challenge. If this lawsuit is dismissed for plaintiff's failure to pay the filing fee, however, there will be no need to consider what effect, if any, Judge Byron's finding of incompetence has on plaintiff's ability to continue to litigate his case. Therefore, I will not decide defendants' motion to stay at this time.

I turn then to the question whether plaintiff should have been allowed to proceed in this action under the in forma pauperis statute. At the outset, I recognize that ordinarily courts should not reconsider issues that have already been decided in an action. Payne for Hicks v. Churchich, 161 F.3d 1030 (7th Cir. 1998). However, the "law of the case" doctrine is prudential only. It does not limit the power of a court to hear matters that may have been decided, in part or in whole, at an earlier stage in a lawsuit. Messenger v. Anderson, 225

3

U.S. 436, 444 (1912) (phrase "law of the case" "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power"). Indeed, where, as here, the earlier decision is "clearly erroneous," a prior ruling may be reevaluated. Arizona v. California, 460 U.S. 605, 618 (1983).

Plaintiff Robert Ciarpaglini is a serial litigator. The court's PACER system shows that in the past year alone, he filed more than 20 federal lawsuits and, before that, more than 160 other cases in federal courts in Wisconsin and Illinois over the last 20 years. Since shortly after the Prison Litigation Reform Act became law in 1996, he has been ineligible to proceed in forma pauperis because, under 28 U.S.C. § 1915(g), he is a prisoner who, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." He has been aware of his three-strike status for nearly ten years, see, e.g., Ciarpaglini v. Morgan, 99-C-95-S (W.D. Wis. Feb. 18, 1999) (denying pauper status under 28 U.S.C. § 1915(g) and listing three 1996 cases qualifying for strikes). Thus, he is aware as well that there are only two avenues open to him for pursuing additional lawsuits in federal court. One route is to pay the filing fee in full at the start of the lawsuit. The other is to obtain a ruling that his complaint alleges facts that allow an inference to be drawn that he "is in imminent danger of serious physical harm," which is the exception to the bar imposed by § 1915(g). He chose the latter route in this

4

case.

>28 U.S.C. § 1915(g) states that
>
>In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The imminent danger inquiry is two-pronged. The first prong is whether the harm the plaintiff is alleging is imminent. In Lewis v. Sullivan, 279 F.3d 526 (7th Cir. 2002), the court of appeals construed this prong of the exception narrowly, holding that it is "an escape hatch for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." The harm must be occurring "at the time the complaint is filed." Ciarpaglini v. Saini, 352 F.3d at 330 (citing Heimermann v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003)). At the time plaintiff filed his complaint in this case, the only allegation approaching an assertion that he faced a future threat of danger is his allegation that defendant Braemer warned him to watch his food. It was highly speculative at best to conclude from this assertion that plaintiff faced a "real and proximate" threat of harm.

The second prong of the imminent danger inquiry has to do with what the danger is. The statute says the danger must be of "serious physical injury." In this case, plaintiff alleges that he bit into an apple and his mouth struck a wire that turned out to be "approximately

5

3 to 4 inches" long. As a result, he cut his mouth and suffered "substantial pain and suffering." However, it is almost impossible to imagine when, if ever, a poke in the mouth with a wire could be considered a "serious physical injury."

Moreover, in Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003), the court of appeals acknowledged that "frequent filers sometimes allege that they are in imminent danger so they can avoid paying a filing fee." The court recognized that courts deny leave to proceed in forma pauperis "when prisoner's claims of imminent danger are conclusory or ridiculous."

Even if plaintiff had alleged a more serious injury than a poke in the mouth, I would conclude that plaintiff's allegations of imminent danger are ridiculous. It is fanciful thinking that anyone would plant a wire "approximately 3 to 4" inches long in an apple and hope plaintiff would swallow it and choke. In order to miss an object of that length, plaintiff would have to consume more than half the apple in one bite. If plaintiff is swallowing bites of that size, the sheer volume of food he is putting in his mouth is enough to choke him long before a wire could.

That plaintiff's allegations are incredible is confirmed by the allegation he attempts to raise in his proposed supplemental complaint. There, plaintiff contends that on November 5, 2007, another prison official, a Jeremy Staniec, delivered scrambled eggs to his cell. He says that while he was consuming the eggs, he "bit into a hard foreign matter

6

causing his mouth to bleed slightly." According to plaintiff, the "foreign matter" turned out to be "a piece of steel wire approximately 2 ½ inches long." Again, it is impossible to imagine how plaintiff would not detect a wire of that length allegedly planted in his scrambled eggs. The tines on an average fork extend just over an inch and a half. Plaintiff's eggs would have to have dangled off the end of his fork another full inch in order for him to ingest a two and a half inch wire without detecting it.

In summary, I conclude respectfully that it was clearly erroneous for Judge Shabaz to apply the imminent danger exception in this case. Because plaintiff is not entitled to proceed in forma pauperis, I will set a deadline within which he must pay the $350 fee for filing this action. If he fails to pay the fee within the time allowed, his case will be dismissed. In the meantime, I will stay a decision on plaintiff's motions for appointment of counsel and to supplement his complaint and defendants' motions to stay and for a protective order.

ORDER

IT IS ORDERED that

1) the order entered herein on October 25, 2007 granting plaintiff leave to proceed in forma pauperis is RESCINDED as having been entered improvidently;

2) plaintiff's request for leave to proceed in forma pauperis is DENIED because plaintiff's complaint does not allege facts sufficient to qualify for an exception to 28 U.S.C.

7

§ 1915(g);

3) plaintiff may have until January 15, 2008, in which to pay the $350 fee for filing this action;

4) defendants' motion to stay and for a protective order and plaintiff's motions for appointment of counsel and to supplement his complaint are STAYED; and

5) if, by January 15, 2008, plaintiff fails to pay the filing fee, this action will be dismissed.

Further, IT IS ORDERED that even if plaintiff fails to pay the filing fee by January 15, 2008, and his action is dismissed, he will remain responsible for paying the fee. The clerk of court is requested to insure that this obligation is reflected in the court's financial records. In addition, the warden of the Waupun Correctional Institution will be advised of plaintiff's responsibility to pay the fee in this case so that it may be collected in accordance with the provisions of the Prison Litigation Reform Act.

Entered this 26th day of December, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge